IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JANET SCHUBERT,<br><br>Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION, ET AL.,<br><br>Defendants. | **MEMORANDUM DECISION<br>& ORDER DENYING<br>MOTION TO REMAND**<br><br>Case No. 2:12CV587DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Janet Schubert's Motion to Remand, filed on July 10, 2012. The motion is fully briefed, and the court concludes that oral argument would not significantly aid in the court's determination of the motion. Accordingly, the court enters the following Memorandum Decision and Order based on the memoranda submitted by the parties and the facts and law relevant to the motion.

BACKGROUND

This is a product liability/medical malpractice case arising out of a shortage of the medication, Fabrazyme®, which is alleged to have caused Dr. William Schubert's death. Plaintiff Janet Schubert, Dr. Schubert's surviving spouse, filed the case in Utah's Third District Court on March 2, 2012. Plaintiff is a resident of Idaho. In the Complaint, Plaintiff named only product liability defendants ("Product Defendants") and alleged total monetary damages of $300,000 or more. The Product Defendants include: Defendant Genzyme, a Massachusetts corporation with its headquarters located in Massachusetts; Defendant Sanofi, a French pharmaceutical company headquartered in Paris, France; Defendant Sanofi-Aventis U.S. LLC, a Delaware corporation

with its headquarters located in New Jersey; and Defendant Mt. Sinai School of Medicine, a New York corporation headquartered in New York.

On June 22, 2012, Defendant Genzyme filed a Notice of Removal from the Third District Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). On July 10, 2012, Plaintiff moved to amend the Complaint to add medical malpractice defendants, including University of Utah Hospitals and Clinics, the University of Utah Health Sciences Center, University Healthcare, the State of Utah, and Nicola Longo M.D. ("the Medical Defendants"). This court granted the motion on July 11, 2012. The Medical Defendants are all citizens of Utah. The Medical Defendants were not originally added because the medical malpractice pre-litigation process pursuant to Utah's Medical Malpractice statute was not completed before the two-year statute of limitation period for product liability claims. *See* Utah Code Ann. §§ 78b-3-412, 415, and 418.

## DISCUSSION

Plaintiff moves this court to remand the case to state court for two reasons: (1) the addition of Medical Defendants destroys § 1332 diversity jurisdiction; and (2) removal was improper because § 1441 does not allow Utah citizens to remove a case from Utah State Court to Federal Court.

**I.      28 U.S.C. § 1332:  Diversity Jurisdiction**

Defendants' basis for removal was complete diversity of citizenship. Plaintiff, however, argues that the addition of the Medical Defendants destroyed diversity among the parties because the Medical Defendants all have the common citizenship of Utah. Therefore, Plaintiff argues, without subject matter jurisdiction, removal is improper and the court should remand this case

back to State Court. *See* 28 U.S.C. § 1441.

Pursuant to 28 U.S.C. § 1332(a), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is *between* citizens of different states." (Emphasis added.)  Federal subject matter jurisdiction based upon diversity of citizenship requires complete diversity between plaintiffs and defendants, not complete diversity among defendants. "[D]iversity jursidiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff . . . [Thus,] diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) (emphasis in original).

Here, Plaintiff is a citizen of Idaho and Defendants are all citizens of states other than Idaho. There is no Defendant who is a citizen of the same state as Plaintiff, and therefore, complete diversity exists and this court has subject matter jurisdiction. *See Owen*, 437 U.S. at 373-74; *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S. Ct. 2611, 2617 (2005); *Jonsson v. Natl. Feeds, Inc.*, 2:11-CV-00140BSJ, 2012 WL 425274 (D. Utah 2012).

**II.     28 U.S.C. § 1441:  Removal**

Plaintiff also argues that removal in this case is improper because the Medical Defendants are citizens of Utah and removal is improper when any defendant is a citizen of the State in which the action is brought ("the forum defendant rule"). *See* 28 U.S.C. § 1441.  Defendants, however, argue that removal was proper because the propriety of removal is determined by reference to circumstances at the time the notice of removal is filed. *Spencer v. U.S. Dist. Court*, 393 F.3d 867, 871 (9th Cir. 2004). "When removal is proper at that time, subsequent events, at least those that do not destroy original subject matter jurisdiction, do not require remand." *Id.* at

3

871.

Courts have held that the forum defendant rule does not destroy original subject matter jurisdiction because § 1441(b) "is not a jurisdiction statute" and does not work retroactively after removal. *Devore v. Transport Technology Corp.*, 914 F. Supp. 355, 357 (W.D. Missouri 1996). Although "the United States Supreme Court has not addressed this question," and neither has the Tenth Circuit, another district court in this circuit has stated that "the majority of the circuits have ruled that the forum defendant rule is procedural, not jurisdictional." *Durbin v. Yellow Transp.,* 624 F. Supp. 2d 1303, 1304 (D. Kan. 2009).

The relevant issue "is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699 (1972). In the present case, this court would have had original jurisdiction had it been filed in this court and the forum defendant rule would only serve as a procedural rule for removal. "Another statute, 28 U.S.C.A. § 1447, specifically controls the procedures the Court should take *after* removal, and . . . § 1447 does not address the current situation. Because another statute sets forth the applicable procedures after removal, § 1441(b) should be interpreted to apply only *before* removal." *Devore*, 914 F. Supp. at 357.

This court agrees with the many courts concluding that the forum defendant rule is procedural rather than jurisdictional. Because this court would have had original jurisdiction over the case as it was filed and at the time it was removed, the addition of the Medical Defendants after removal did not destroy jurisdiction. Moreover, case law cited by Plaintiff stating that § 1441 must be strictly construed and all doubts must be resolved against removal do not conflict with the cases finding the forum defendant rule to be procedural. The court disagrees

with Plaintiff's assertion that finding the forum defendant rule to be a procedural rule requires this court to read additional language into the § 1441 statute.  The case law concluding that the forum defendant rule is procedural rather than jurisdictional explains that §1441 applies before removal and § 1447 applies after removal.  In addition, the propriety of the removal is considered at the time of removal and only subsequent events that would destroy original jurisdiction would require remand.  The addition of the Medical Defendants did not destroy this court's original jurisdiction because Plaintiff is a citizen of Idaho and the Medical Defendants are citizens of Utah.

Plaintiff's final argument is that judicial economy strongly favors remand.  But Plaintiff does not cite to any case law stating that this court should consider such factors.  Plaintiff argues that if this court does not remand the case, it could be faced with pursuing duplicative litigation against the State of Utah in state court.  At this point of the litigation, however, the court cannot speculate about possible motions to dismiss and possible rulings.  If subsequent events demonstrate that remand is appropriate, the court will address the issue at that time.  However, based on the present motion, the court finds no grounds for remand.  Accordingly, Plaintiff's motion to remand is denied.

## CONCLUSION

Based on the above reasoning, this court concludes that this court would have had original jurisdiction over this case and the addition of the Medical Defendants did not destroy that jurisdiction.  Accordingly, Plaintiff's Motion to Remand is DENIED.

DATED this 10th day of August, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge