IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JANET SCHUBERT,<br><br>               **Plaintiff,**<br><br>vs.<br><br>GENZYME CORPORATION,<br><br>               **Defendant.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No.  2:12CV587DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Plaintiff Janet Schubert's Motion to Reconsider, or Alternatively, for Certification to Utah Supreme Court.  The parties have fully briefed the motion, and the court concludes that a hearing would not significantly aid in its determination of the motion.  Having carefully considered the memoranda submitted by the parties and the facts and law relevant to the motion, the court enters the following memorandum decision and order.

Plaintiff seeks reconsideration of the court's September 4, 2013 Memorandum Decision and Order granting Defendant's Motion for Judgment on the Pleadings.  It is within the court's discretion to reconsider a previous order. *Anderson v. Deer & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).  Rule 54(b) provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all

1

the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).  In *Major v.*

*Benton*, 647 F.2d 110, 112 (10ᵗʰ Cir. 1981), the Tenth Circuit explained that

> When a court enunciates a rule of law in the course
> of a given case, the law of the case doctrine
> generally requires the court to adhere to the rule
> throughout the proceedings. 1B Moore's Federal
> Practice P 0.404(1) at 402-03.  The rule is one of
> expedition, designed to bring about a quick
> resolution of disputes by preventing continued
> reargument of issues already decided. *Roberts v.*
> *Cooper*, 61 U.S. (20 How.) 467, 481, 15 L.Ed. 969
> (1858); *White v. Murtha*, 377 F.2d 428, 431-32 (5th
> Cir. 1967). Unlike res judicata, the rule is not an
> "inexorable command," but is to be applied with
> good sense.  *Murtha*, 377 F.2d at 431-32 . . . . When
> a lower court is convinced that an interlocutory
> ruling it has made is substantially erroneous, the
> only sensible thing to do is to set itself right to avoid
> subsequent reversal. *Lindsey v. Dayton-Hudson*
> *Corp.*, 592 F.2d 1118, 1121 (10th Cir.), *cert.*
> *denied*, 444 U.S. 856, 100 S. Ct. 116, 62 L. Ed. 2d
> 75 (1979) . . . .  Courts have generally permitted a
> modification of the law of the case when
> substantially different, new evidence has been
> introduced, subsequent, contradictory controlling
> authority exists, or the original order is clearly
> erroneous. *See Fuhrman v. United States Steel*
> *Corp.*, 479 F.2d 489, 494 (6th Cir.), *cert. denied*,
> 414 U.S. 859, 94 S. Ct. 71, 38 L.Ed.2d 110 (1973);
> *Murtha*, 377 F.2d at 431-32.

Although Rule 54(b) allows a court to revisit any order that rules on less than all of the

claims in a case, a motion to reconsider is not appropriate when it merely restates the party's

position taken in the initial motion.  A motion for reconsideration is an "inappropriate vehicle to

reargue an issue previously addressed by the court when the motion merely advances new

arguments, or supporting facts which were available at the time of the original motion.  Absent

extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

Plaintiff's motion for reconsideration first states that she believes the court misinterpreted the nature of her negligence claims and faults Defendant for bringing a motion on too broad of an issue.  The court, however, distinguished between the types of negligence claims asserted by Plaintiff.  The court recognized that the shortage of a product was an unactionable act of omission whereas supplying the market with medication in an unsafe dosage was actionable like any other products liability case.  The court's distinction as to the types of claims also significantly narrowed the scope of Defendant's motion.  The court, therefore, concludes that there was no misunderstanding as to the claims at issue.

Plaintiff's motion for reconsideration further makes many of the same arguments advanced in the briefing of the motion for judgment on the pleadings.  The court understood these arguments, considered the arguments carefully in connection with the motion for judgment on the pleadings, has reconsidered the arguments for purposes of this motion, and concludes that such arguments remain unavailing.  The court considered Plaintiff's arguments and rejected them in a fully analyzed memorandum decision and order.  Although Plaintiff regurgitates it arguments, the court need not regurgitate its analysis.  The court directs Plaintiff to the exhaustive ruling on the issue that the court already issued.

Plaintiff also raises for the first time an argument under Section 324A of the Restatement (Second) of Torts, claiming that it imposes a duty on Genzyme where no duty already exists. Plaintiff states that Section 324A would impose a duty of care once Genzyme decided to undertake the distribution of Fabrazyme in reduced dosages. The court's prior ruling, however, specifically stated that Plaintiff had a claim for the distribution of Fabrazyme in reduced, allegedly unsafe, dosages. A motion to reconsider on this ground is, therefore, unnecessary.

Finally, Plaintiff asks the court to certify the issues presented in the motion for judgment on the pleadings to the Utah Supreme Court. Certification is inappropriate in this case because the court was able to apply *Jeffs v. West*, 275 P.2d 228 (Utah 2012). The court routinely applies Utah law when it sits in diversity jurisdiction. Certification is appropriate if there is a conflict in Utah law or it is uncertain as to how Utah courts would address the issue. This case presented a typical application of established Utah law. In such situations, there is no basis for certifying the issue to the Utah Supreme Court.

For these reasons, Plaintiff's Motion to Reconsider, or Alternatively, for Certification to Utah Supreme Court is denied.

DATED this 19th day of December, 2013.

BY THE COURT:


_____
DALE A. KIMBALL
United States District Judge